PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LESA GREEN,

                              Plaintiff,

                     -against-

THE CITY OF NEW YORK, P.O. THOMAS
CANNARIOTO, LT. KEVIN KENNY, TRAFFIC
ENFORCEMENT AGENT FRANCISCO, TRAFFIC
ENFORCEMENT AGENT CAROLINE
CONCEPCION, JOHN and JANE DOES

                            Defendants.

-------------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

Jury Demand

13 CV 4655 (VEC)

       Plaintiff LESA GREEN (hereinafter "Plaintiff") by and through her attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983, 1985 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the United States.

**JURISDICTION**

2.      The action is brought pursuant to 42 U.S.C. §1983, 1985 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff is a resident of the Bronx and at all times relevant was a citizen of the State of New York and the United States,

7.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendants Cannarioto, Kenny, Echevarria, Concepcion,  John and Jane Does are employees of the NYPD and Traffic Enforcement Agency ("TEA") and are sued in their individual and official capacities and are alleged to have acted under the color of state law.

## FACTS

9.      On or about July 26, 2012, at approximately 2 p.m., plaintiff was a passenger inside her car when her and her companion Tristen Tulloch pulled up in front of a bicycle sales and repair store on White Plains Road.

10.      Plaintiff who was seven months pregnant at the time of the incident got out of her vehicle and proceeded towards the parking meter to deposit money into it.

11.      Upon her attempt to insert quarters into the meter, plaintiff discovered that the parking meter was inoperable and would not accept any money.

12.      Plaintiff thereafter went inside the bike store (to get tires changed on the bike) which was directly adjacent to the location where her car was parked.

13.      Shortly after entering the repair shop, plaintiff observed defendant Echevarria a male Hispanic traffic enforcement agent (TEA) approach towards her car.

14.      Plaintiff left the store and walked up to defendant Echevarria and explained to him that the meter was broken and would not accept her money.  Astonishingly, the TEA told her that she should not park there even though the law allows individuals to park in front of a meter which is broken or otherwise inoperable for a certain grace period.

15.      While plaintiff was talking with Echevarria, defendant Concepcion, a female Hispanic TEA arrived on the scene and without any prior conversation threatened plaintiff that she was going to call the police and have her arrested.

16.      Surprised by these developments, plaintiff told both TEA defendants that she herself would call the police because they were both unnecessarily harassing her on a hot summer day while she was 7 months pregnant.

3

17.     Soon thereafter, members from the 47th precinct arrived on the scene, including an officer in civilian attire (plain clothes) who appeared and acted as if he were in charge of all the officers on the scene and was referred to as "boss" by 2 sergeants and other police officers on the scene.

18.     Plaintiff told the defendant Kenny aka "boss" what transpired and that she was due for an appointment at the hospital around 3 p.m.

19.     Defendant Kenny told her that she "should go sit inside the car because you are pregnant and it is nice and cool inside your car with an AC on this hot day." He also informed her "I am going to let you go without a ticket because there appears to be some misunderstanding."

20.     Plaintiff told Kelly and all other named and John Doe defendants present that the "TEA was wrong and I have already called IAB, before you guys showed up." At that point, defendant Kenny said "you did what?" and "It is none of your business to call IAB."

21.     Defendant Kenny then stepped away and huddled with the TEA defendants and other John Does defendant uniform officers. After a few minutes of apparent conversation, they came back and defendant Kenny told the officers to "book her."

22.     Plaintiff was then arrested on the nebulous charge of "obstruction," which was then mysteriously changed to "harassment" for allegedly pushing the TEA officer.

23.     Plaintiff was then handcuffed behind her back even though she informed the officers that she was unstable because she was pregnant and therefore should not be forced to put her hands behind her back. The defendant officers ignored her pleas and roughly yanked her hands behind her back and cuffed her.

4

24.     Plaintiff who had already missed her medical appointment, complained to the

defendants about pain in her stomach.  Although the defendants took her to the hospital,

they would not let her lie down and forced her to sit up with her hand cuffed behind her

back.

25.     Defendant officers told her that she "should not worry" and she "would be home

before dinner."

26.     After approximately 2 hours at the hospital, plaintiff was brought to the 47th

precinct, where instead of releasing her as promised, defendants booked her and

processed her arrest.

27.     After she was processed in the precinct, a different John Doe defendant officer

once again yanked her hands behind her back, making plaintiff (a pregnant woman)

uncomfortable and in pain and ignoring her pleas to be cuffed in front of her in a more

comfortable position.

28.     Plaintiff was then taken to central booking where a female officer took the

handcuffs off and placed them in front of plaintiff.

29.     Plaintiff was released at approximately 10 a.m. the next day.

30.     The plaintiff returned to court on many occasions during the next year in an effort

to have her "day in court."  Finally on June 21, 2013, exhausted by her continuing ordeal

as well as being frightened and demoralized by her situation, plaintiff accepted an ACD

so that she would not have to return to court again.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive force)

31.     Plaintiff repeats, reiterates, and realleges each and every allegation

5

contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants in effectuating the arrest of plaintiff used unnecessary and unreasonable force.

33.     Defendants caused plaintiff (a pregnant woman) unreasonable pain by placing the handcuffs behind her back.

34.     As a result of defendant's conduct, Plaintiff suffered injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Eighth and Fourteenth Amendment Rights)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Plaintiff was seven months pregnant but defendants disregarded her rights under the 8th and 14th amendment during her transportation to the hospital including allowing her to endure pain during the transportation and failing to provide her with medical treatment while she was in custody overnight.

37.     Yet, defendants ignored her pleas and subjected her to further pain and were deliberately indifferent to plaintiff's medical needs and condition.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Fourth Amendment Rights)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

6

39.     Plaintiff was false imprisoned for more than twenty (20) hours and suffered restrain to her liberty in violation of her rights secured under the Fourth Amendment.

40.     As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of First Amendment Rights)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants were going to allow plaintiff to leave without issuing a ticket. However, when they learned that plaintiff had called IAB to report the misconduct of the TEA, the defendants fabricated a charge against her and have her falsely arrested.

43.     Plaintiff was subjected to retaliation for exercising her rights under the First Amendment and to report police misconduct and defendants punished her for doing so, and as a result plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Conspiracy under Section 1985)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants conspired with one another to concoct a story about plaintiff in order to get her arrested.  These acts were done solely because plaintiff had the courage to call IAB and report misconduct.  Defendants jointly acted to fabricate charges against plaintiff and to protect one another.

46.     As a result of the collective actions of the defendants, plaintiff suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(*Monell* Liability)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendant City has a custom, policy and practice of handcuffing pregnant women behind their backs without any regard for their health.  In the absence of any such policy, custom or practice, defendant City knew or should have known that such cases may arise wherein a pregnant woman has to be arrested and their failure to institute such a policy to prevent undue harm to the arrestee was the moving force behind the injuries suffered by plaintiff.

49.     As a result of such practice, custom and policy or lack thereof, defendant City was deliberately indifferent and caused harm to plaintiff.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 15, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*

9